*261 OPINION.
Mtjedock :
The petitioner held 300 shares of stock of Station. The other 200 shares outstanding were owned by Boyd and Mittendorf. Columbia desired to acquire Station and agreed with the owners of the stock to buy that stock for $292,000, $175,200 of which was to be paid to the petitioner. That agreement was entered into on October 14, 1931. It permitted the transfer to Columbia to be made through the medium of a holding company. Boyd and Mittendorf sold their station shares to Columbia directly for cash ,in accordance with the agreement. The only reason that the petitioner did not transfer his shares to Columbia for cash, in accordance with that agreement, was his desire to avoid tax. Columbia was willing to buy the stock directly for cash. The scheme which was actually followed was not designed at the request of or to benefit Columbia. It was designed wholly for the benefit of the petitioner in order to avoid taxes. His purpose to avoid tax is material only as indicating a nonbusiness purpose in organizing Holding. Gregory v. Helvering, 293 U. S. 465.
The first step in the petitioner’s plan was the exchange of his 300 shares of Station stock for 200 shares of Holding stock. That exchange, he says, comes under section 112 (b) (5) of the Revenue Act of 1928, since “immediately after the exchange” he was “in control of the corporation” and his gain is not recognized. However, this was not an independent transaction, but was a mere component step, an integral part of a single plan. “Control” is determined, for the purpose of section 112 and similar provisions of prior acts, as of the completion of the entire plan, not as of the completion of an interdependent step. Wilbur F. Burns, 30 B. T. A. 163; affd., 85 Fed. (2d) 8, under the title Bassick v. Commissioner; certiorari denied, 299 U. S. 592; Commissioner v. Schumacher Wall Board Corporation, 93 Fed. (2d) 79; Hendee v. Commissioner, 98 Fed. (2d) 937; W. K. Holding Corporation, 38 B. T. A. 830, 842. The “control” of Holding by the petitioner was, as was intended, transitory only. The plan required that he immediately surrender his Holding shares to Columbia so that it could acquire that which it sought, the Station shares. The exchange of the Station shares for the Holding shares is not within section 112 (b) (5). The profit from that exchange would be $145,-200 (Holding shares worth $175,200 received for Station shares which had cost $30,000). But, as has been said above, that was only a step.
The next steps were to organize Sampick and Esspick, to transfer *262 to them property about equal in value to the value of the 300 Station shares, and to distribute their stock to the petitioner without the surrender by him of his Holding shares. These transactions gave the petitioner property worth about $171,000 while the 200 Holding shares were losing a like amount of value. His thought was that these transactions would be tax-free from his standpoint under section 112 (g), since stock of a corporation, a party to a reorganization, would be distributed to him pursuant to a plan of reorganization without the surrender by him of his Holding shares.
He was in error in believing that section 112 (g) would apply. These transactions were but component parts of the single transaction of transferring the Station shares to Columbia for $175,200. Holding had no business purpose. It served merely as a conduit for transferring the Station shares to Columbia and for conveying the $175,200 consideration from Columbia. There can be no statutory reorganization under such circumstances. Gregory v. Helvering, supra. There was no continuity of interest in any direction. Holding retained no interest in Sampick or Esspick and they retained none in Holding. Furthermore, the petitioner retained no interest in Holding. Three days later, pursuant to the single and inseparable plan, he transferred his Holding shares to Columbia. Thus he disposed of his Station shares and received finally property (cash and Sampick and Esspick shares) which derived none of its value directly or indirectly from any of the property transferred. Some continuity of interest in the property transferred is essential if a transaction is to be classed as a reorganization under section 112 (i) (1). Cortland Specialty Co. v. Commissioner, 60 Fed. (2d) 937; Electrical Securities Corporation v. Commissioner, 92 Fed. (2d) 593; Bancker v. Commissioner, 76 Fed. (2d) 1; Groman v. Commissioner, 302 U. S. 82; Hendee v. Commissioner, supra.
Several additional steps were necessary to complete the plan. Columbia purchased 200 shares of newly issued stock from Holding for $172,000 in cash and, two days later, purchased 200 shares of the same stock from the petitioner for $3,700. The unity of the plan is clearly demonstrated by this discrepancy in price. Obviously petitioner never controlled Holding, since he was always required to sell its stock for a nominal balancing amount. Had he failed to do so the purpose of the entire plan would have been defeated. Columbia, having no business purpose for Holding, soon dissolved it and finally got that which it had always desired, the 300 shares of Station stock. The plan was then complete. It constituted a single taxable transaction of exchange. Columbia received the Station stock. The petitioner received $3,700 in cash and stocks worth approximately $171,500, a total amount realized of $175,200. That was the amount *263 for which, he had agreed to sell. The consideration was all furnished directly or indirectly by Columbia in 1931.
The acquisition by Holding of a majority of the stock of Station was not a reorganization within section 112 (i) (1), since Holding had no business purpose and a continuity of interest was lacking when the entire plan was completed. This point is not urged by the petitioner, but is mentioned merely to show it has not been overlooked in the decision of this case.
The elaborate scheme devised to avoid tax did not serve that purpose, since it did not bring the gain within any of the nonrecognition provisions but left it under the general rule of section 112 (a). The amount of the gain is not disputed. The Commissioner did not err in taxing that gain as a part of the petitioner’s income for 1931. See Hendee v. Commissioner, supra, involving facts similar in all important respects.
Reviewed by the Board.

Decision will be entered for the respondent.

Van Fossan dissents.